

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JEANINE GOURDINE,<br>　　　Plaintiff,<br><br>vs.<br><br><br>REDSTONE MODERN DENTISTRY and<br>PACIFIC DENTAL SERVICES,<br>　　　Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:21-02656-MGL-SVH<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION,
AND GRANTING DEFENDANTS' MOTION TO DISMISS ON THAT BASIS**

　　Plaintiff Jeanine Gourdine filed this job discrimination action against her former employer, Redstone Modern Dentistry and Pacific Dental Services (collectively, Defendants). Her complaint contains federal claims for racial discrimination and harassment, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and a state law claim for negligent supervision.

　　The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion to compel arbitration be granted, and their motion to dismiss on that basis also be granted. The Magistrate Judge notes that, if the Court accepts this recommendation, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(1) and

(6) will be rendered as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 21, 2021, Gourdine filed her objections on November 4, 2021, and Defendants filed their reply on November 15, 2021. The Court has considered the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Here, Gourdine has failed to present any specific objections to the Report. Instead, she generally makes the same arguments the Magistrate Judge has already considered and rejected.

Inasmuch as the Court agrees with the Magistrate Judge's treatment of those issues, it need not repeat the discussion here. Consequently, because Gourdine neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Gourdine's objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Gourdine of the consequences of failing to file specific objections, Report at 17 she has waived appellate review. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

To the extent Gourdine has brought any new arguments in her objections, they are conclusory and so lacking in merit as not to require any discussion. Suffice it to say all of Gourdine's claims against Defendants are subject to arbitration.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Gourdine's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion to compel arbitration is **GRANTED**, and their motion to dismiss on this basis is also **GRANTED**. Consequently, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(1) and (6) is **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 16th day of November, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE